**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**NICOLE FLORIS and**<br>**BRADLEY BENAVIDES**<br><br>**Defendants** | **UNDER SEAL**<br><br>**No. 26-mj-00185** |

**EX PARTE MOTION OF THE UNITED STATES FOR PERMISSION TO PRODUCE REDACTED JENCKS MATERIALS AT PRELIMINARY HEARING**

Pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, the United States, by and through the United States Attorney for the District of Columbia, respectfully submits this ex parte motion seeking the Court's permission to provide redacted materials to defense counsel with respect to the testimony expected to be presented at the preliminary hearing in the above-captioned case. In support of this motion, the United States submits as follows:

1. At the preliminary hearing, the United States expects to present testimony from FBI Agent Brian Witt regarding the superseding complaint in this case.
2. "The Jencks Act requires the government to disclose any prior 'statement' made by a prosecution witness that 'relates to the subject matter as to

which the witness has testified.'" *United States v. Emor*, 573 F.3d 778, 784 (D.C. Cir. 2009) (quoting 18 U.S.C. § 3500(b)(3)). The statute defines "statement" to include "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." *Id.* at n.3 (quoting 18 U.S.C. § 3500(e)).

3. Agent Witt conducted a recorded interview with a witness (W-1) concerning the testimony before Congress of the defendants in this case and the importance of that testimony to the Committee. We expect Agent Witt to testify about the substance of this interview. Thus, the recorded interview with W-1 would qualify as Jencks material for this preliminary hearing to the extent that Agent Witt testifies about that interview. *See, e.g., United States v. Mason*, 523 F.2d 1122, 1129 (D.C. Cir. 1975) ("a 'statement' within the definition of 18 U.S.C. § 3500(e) must be produced only if it does relate to the subject matter of the testimony of the witness. Just because a document is a "statement" under 18 U.S.C. s 3500(e) does

not necessarily mean that it must be produced under the Jencks Act if its contents do not relate to the testimony of the witness who made the statement. Similarly, if only a portion is relevant, it is not required that the entire statement be produced.").

4. The recording made by Agent Witt contains material that will not be the subject of the agent's testimony at the preliminary hearing or at any future point. Specifically, [redacted]. Because these matters will not be the subject of Agent Witt's testimony, we respectfully submit that this material should be redacted before any Jencks disclosure to defense counsel. *See Emor*, 573 F.3d at 785 ("Only the first two pages of Karr's second investigative report relate to his testimony at trial and are thus within the scope of the Jencks Act."); *United States v. Oruche*, 484 F.3d 590, 599 (D.C. Cir. 2007) (government not required under Jencks to produce the grand jury testimony in which a government witness admitted she had lied to police in 1993 to protect her boyfriend: "The transcript of this testimony (though a full transcription) is not Jencks Act material,

because it does not 'relate[ ] to the subject matter' of Williams's testimony in the Oruche case.").

5. Although the recording captures [redacted], the mere fact that the statements generally relate to this prosecution does not bring them within the aegis of the Jencks Act, particularly given that [redacted] *See Norinsberg Corp. v. U.S. Dep't of Agric.*, 47 F.3d 1224, 1229 (D.C. Cir. 1995) (emphasizing that the "relates to" provision of the Jencks Act includes only "the subject matter as to which the witness has testified" and not the "subject matter of the proceeding" generally).

6. When a writing or recording contains information that is not subject to the Jencks Act, the United States must present the full recording to the Court to enable the Court to confirm that disclosure is not warranted. *See, e.g., United States v. Alvarez*, 86 F.3d 901, 906-07 (9th Cir. 1996); *United States v. Allen*, 798 F.2d 985, 992-93 (7th Cir. 1986). For this reason, the United States submits herewith the complete recording (Exhibit A) as well as proposed redacted version for disclosure to defense counsel (Exhibit B) that would satisfy the Jencks Act obligations in this case.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court grant this ex parte motion to permit disclosure under the Jencks Act of the redacted version of Agent Witt's recorded interview as reflected in Exhibit B.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: /s/
JOHN W. BORCHERT (D.C. Bar. No. 472824)
CORY E. JACOBS
JAMES KIRKPATRICK, III
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530

October 27, 2026